UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL EUGENE BROWN, JR.,

    Plaintiff,

Case No. 2:25-cv-11441

HONORABLE STEPHEN J. MURPHY, III

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING THE CASE

Michigan prisoner Cornell Eugene Brown, Jr., confined at the Oaks Correctional Facility in Manistee, Michigan, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act concerning events that occurred while he was confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan in 2023. *See* ECF No. 1. In his complaint, Brown named the Michigan Department of Corrections, the State of Michigan, Corrections Officer Glenn, and unknown corrections officers as Defendants and alleged that Glenn placed him in handcuffs behind his back even though he was wearing an arm sling for a shoulder injury, thereby exacerbated that injury, and then retaliated against him after he filed a grievance. *Id.* at PageID.7–8. Brown also alleged that the MDOC failed to properly train and supervise Glenn and that the State of Michigan should be held liable for such conduct. *Id.* at 7. Brown made no specific allegations against any other

1

corrections officers. The Court granted Brown leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1). ECF No. 4.

Because the Court granted Plaintiff's in forma pauperis application, it must review the complaint under 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915A (also requiring screening). That statute requires the Court to dismiss the complaint if it is frivolous, malicious, "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## DISCUSSION

For the reasons below, the Court must dismiss each of Brown's claims.

I. <u>Immunity</u>

Brown sued Defendants in their official capacities and sought monetary damages as the only relief. *See* ECF No. 1, PageID.2–3, 10. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State waived its immunity and consented to suit or Congress expressly abrogated immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

"The State of Michigan, however, has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th

Cir. 2004), and Congress did not abrogate state sovereign immunity when it passed § 1983, *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Thus, Defendants State of Michigan and MDOC, a state agency, are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545; *Will*, 491 U.S. at 66. Similarly, officer Glenn is entitled to Eleventh Amendment immunity because Plaintiff sued him in his official capacity. *See Caruso*, 605 F.3d at 289. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against a state and its departments," although it does not preclude prospective injunctive relief. *McCormick v. Miami Univ.*, 693 F.3d 654, 661–62 (6th Cir. 2012). Brown did not request prospective injunctive relief, but only monetary damages. The Court must therefore dismiss the § 1983 claims against the named Defendants.

II.     Unnamed Defendants

Brown alleged that unnamed officers violated his constitutional rights and requested monetary damages under 42 U.S.C. § 1983. ECF No. 1, PageID.3. To state a claim under § 1983, a civil rights plaintiff must allege with particularity the personal involvement of *each* defendant. *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011). Here, Brown failed to plead any facts regarding what the unknown corrections officers personally did or did not do to violate his rights. *See generally* ECF No. 1. Plaintiffs' claims against unknown officers cannot proceed.

III. <u>ADA Claims</u>

Brown also sued Defendants under the ADA. ECF No. 1, PageID.4. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under the ADA, a plaintiff must allege facts which show that: (1) he is a qualified individual with a disability, (2) he was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity, and (3) such discrimination was due to his disability. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008).

Here, Brown failed to allege what prison "service, program, or activity" he was qualified for but was nevertheless denied as a result of officer Glenn's conduct (or the conduct of any other Defendant). He thus failed to state a claim upon which relief may be granted under the ADA in his complaint. *See Taylor v. Vanderbilt Univ.*, No. 23-5285, 2023 WL 10947219, *2 (6th Cir. Nov. 1, 2023) (affirming dismissal because conclusory allegations are insufficient to state an ADA claim).

**ORDER**

Because both Brown's § 1983 and ADA claims fail against all Defendants, the Court must dismiss the case. 28 U.S.C. § 1915(e)(2)(B). For the same reasons, an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). So, the Court will deny leave to appeal *in forma pauperis*.

5

**WHEREFORE**, it is hereby **ORDERED** that the complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 21, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 21, 2025, by electronic and/or ordinary mail.

s/ R. Loury  
Case Manager